UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Macheo Wells,

Petitioner,

vs.                                                    REPORT AND RECOMMENDATION

Federal Bureau of Prisons,
Federal Prison Camp,
and R. L. Morrison, Warden,

Respondents.              Civ. No. 06-2135 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see <u>Title 28 U.S.C. §2241</u>.

The Petitioner appears <u>pro se</u>, and the Respondents appear by John F. Docherty, Assistant United States Attorney.

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be granted in part.

## II. <u>Factual Background</u>

The Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Cocaine Base, in violation of Title 21 U.S.C. §§841(a)(1), as well as Money Laundering, in violation of Title 18 U.S.C. §1956(a)(1)(A)(i), by the United States District Court for the Southern District of Indiana. He was sentenced to a 135-month term of incarceration. See, <u>Petition</u>, at p. 2. The Bureau of Prisons ("BOP") placed him at the Federal Prison Camp, in Duluth, Minnesota ("FPC-Duluth"). <u>Id.</u> at p. 1. The Petitioner's projected release date is September 4, 2009, via good conduct time. See, <u>Government's Response to Order to Show Cause</u>, <u>Docket No. 6</u>, at p. 2.

On May 9, 2006, the Petitioner requested early release to a Residential Re-Entry Center ("RRC") for the remainder of his sentence, but he was advised that he would not be reviewed for RRC placement until eleven (11) to thirteen (13) months prior to his release date. See, <u>Petitioner's Objections to Government's Response</u>, <u>Docket No. 7</u>, at p. 3. The Petitioner filed his pending Petition on May 18, 2006, and requested immediate placement in an RRC. The Petition does not challenge the propriety of his conviction, or the sentence imposed by the District Court. Instead, he challenges the BOP's denial of his request -- an immediate evaluation for RRC placement -- as an unreasonable application of Title 18 U.S.C. §§3621(b), and 3624(c). In sum, the

Petitioner contends that he should be considered for RRC placement immediately, in accordance with the factors provided in Title 18 U.S.C. §3621(b), and that Program Statement 7310.04 is invalid. See, Petitioner's Objections to Respondent's Response, at pp. 1-2.

By way of background, in April of 2006, our Court of Appeals ruled that the BOP policies, which are enunciated in 28 C.F.R. §§570.21, and 570.22, were invalid. See, Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006). As a result, the BOP adopted the position that Sections 570.20, and 570.21, were invalid, and has subsequently returned to the BOP guidelines, which existed prior to 2002, as set forth by Program Statement 7310.04.[1] The Respondents represent that, as a result of the policy change, the Government does not oppose the Petition, to the extent that it seeks to require the BOP to determine the Petitioner's eligibility without regard to 28 C.F.R. §§570.20, and 570.21, and that the Petitioner will be considered for release to a RRC sometime between eleven (11) and thirteen (13) months prior to his projected release date. See, Response to Order to Show Cause, at pp. 4 and 6. However, the Respondents oppose any requirement that the Petitioner be immediately considered

---

[1]Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, was issued on December 16, 1998, and is electronically available at http://www.bop.gov/policy/progstat/7310_004.pdf.

for placement in a RRC for a period greater than six (6) months, or that the consideration be conducted before the time period specified by Program Statement 7310.04.

III.  Discussion

Here, the Petitioner contends that the Respondent is improperly utilizing Program Statement 7310.04, to delay consideration of his placement in a RRC, until eleven (11) to thirteen (13) months prior to his projected release date, and that the delay forecloses his ability to be placed in a RRC for a period greater than six (6) months.  See, Petitioner's Objections to Government's Response, at p. 1, citing Title 18 U.S.C. §3621(b).

As an initial matter, with respect to the Petitioner's request that the placement determination be made immediately, without regard to the time-frame for a determination that is specified by Program Statement 7310.04, we note the BOP is uniquely qualified, in the first instance, to make decisions as to the propriety, as well as the timing, of RRC placement determinations.  Cf., Hosna v. Groose, 80 F.3d 298, 303 (8th Cir. 1996), cert. denied, 519 U.S. 860 (1996)("[F]ederal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile [prison] environment," and "such flexibility is especially warranted in the fine tuning

- 4 -

of the ordinary incidents of prison life," so that the Courts do not "micro manage" prisons.), quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 482-83 (1995).

Here, the Program Statement adopted, and applied by the BOP, provides that a "final and specific release preparation plan, including a decision as to [RRC] referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date."  See, <u>Program Statement 7310.04</u>, at p. 7.  In addition, the applicable BOP policy provides that "[p]reliminary decisions regarding eligibility for [RRC] Programs are to be made well in advance of the last year of confinement."  <u>Id.</u>  Accordingly, the Respondent represents that the BOP will "consider prisoners for placement in an RRC, consistent with 18 U.S.C. §3621(b), upon their initial placement in confinement and again approximately '11 to 13 months before the inmate's projected release date.'"  <u>Response to Order to Show Cause</u>, at p. 3, citing Program Statement 7310.04, at p. 7.[2]

The Petitioner contends, however, that he is entitled to an immediate determination as to his eligibility for RRC placement.  However, our Court of Appeals has addressed the BOP's discretion in such matters, and has observed as follows:

---

[2]It is unclear from the Record what criteria were applied in deciding whether the Petitioner should receive greater than six (6) months placement in a RRC, upon his arrival at FPC-Duluth.

> We hold, on the facts of this case, in which both parties agree that [RRC]s are places of imprisonment for the purposes of 18 U.S.C. § 3621(b), that § 3621(b) gives the BOP the **discretion to transfer prisoners to [RRC]s at any time during their incarceration**. Further, the BOP is required to place prisoners in "conditions that will afford [them] a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community" during a reasonable part of the last ten percent of the prisoner's term, to the extent practicable. **This duty shall not extend beyond the last six months of the prisoner's sentence**.

Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004)(emphasis added).

Here, we note that the Petitioner's projected release date is September 4, 2009 -- well over six (6) months away.  Given that the BOP has represented that it will evaluate the Petitioner's eligibility for release more than six (6) months prior to his release date, we find that the Petitioner is not presently entitled to an earlier determination.  Id. at 847; see also, Bradley v. Morrison, 2006 WL 3301668 at *2 (D. Minn., November 13, 2006)("Contrary to his assertions, Petitioner is therefore not entitled to immediate evaluation for early placement in an RRC, nor is he entitled to immediate placement in an RRC, or home confinement, as his projected release date is approximately 17 months away on March 26, 2008," and "[t]here is no authority for the proposition that an inmate must be considered for a transfer to an RRC any time the inmate makes such a request."); Felder v. Morrison, 2006 WL 3802131 at *7 (D. Minn., December

22, 2006)("As stated by the Eighth Circuit, 18 U.S.C. §3621(b) gives the BOP the **discretion** to transfer prisoners to a RRC at any time during their imprisonment; it does not require the BOP to do so.")[emphasis in original], citing <u>Elwood v. Jeter</u>, supra at 847; <u>Mesner v. Morrison</u>, 2006 WL 3080914 at *2 (D. Minn., October 27, 2006).

The Petitioner also contends that Program Statement 7310.04 is invalid as, he alleges, it does not consider the individualized factors required by Section 3621(b).[3] See, <u>Appendix A, attached to this Report</u>.  However, the Program Statement provides that "[a] number of factors must be weighed to determine the length of CCC placement for inmates, including their individual needs and existing community resources."  Although it is unclear whether the Program Statement expressly refers to the factors enunciated in Section 3621(b), we find that the reference to "individual needs" is consistent with those factors enumerated in Section 3621(b) which, at a

---

[3]The Petitioner also argues that the history, as well as the policies behind Title 18 U.S.C. §3551, generally support the transfer of inmates to halfway houses so to alleviate the strain placed upon prisons through overcrowding.  While we agree with the Petitioner, that "[p]rison space is to be treated as a scarce resource," see, <u>Petitioner's Objection to the Government's Response</u>, at p. 2, we believe that it is the BOP, in the first instance, who is better situated to decide how best to utilize prison, as well as RRC, resources.  Cf., <u>Hosna v. Groose</u>, 80 F.3d 298, 303 (8th Cir. 1996), cert. denied, 519 U.S. 860 (1996)

minimum, the BOP must consider in making its ultimate determination on an inmate's RRC placement. Other Courts in this District, in unpublished decisions, have found no inherent conflict with Title 18 U.S.C. §§3621(b) that would render Program Statement 7310.04 invalid. Cf., Bradley v. Morrison, supra at *2 ("In addition, Program Statement 7[3]10.04 does not undermine the authority of § 3621(b) and provides for individualized RRC placement decisions * * * [and,] [a] categorical exercise of discretion by the BOP is permissible where a statutory scheme requires individualized determination."), citing Lopez v. Davis, 531 U.S. 230, 243-44 (2001); see also, Mesner v. Morrison, supra at *2; Martinez v. Morrison, 2006 WL 2911972 at *2 (D. Minn., October 10, 2006). Accordingly, we find that the Petitioner is not entitled to any immediate consideration for RRC placement at this time.[4]

---

[4]In passing, we note that, in the usual instance, the determination as to RRC placement is made 11 to 13 months before an inmate's projected release date, see, Program Statement 7310.04, at p. 8, and nothing in either Section 3621(b), or Program Statement 7310.04, would prohibit the BOP from exercising its discretion to make an earlier determination, if it should so choose. See, Martinez v. Morrison, 2006 WL 2911972 at *2 (D. Minn., October 10, 2006)("While that is the ordinary procedure, the BOP is not prohibited from conducting an earlier review in exceptional circumstances."). Although the Petitioner has filed a grievance form, it is unclear whether he ever appealed the initial denial of his request, or presented "exceptional circumstances," in keeping with Program Statement 7310.04, that would allow the BOP, in the first instance, to address his request for immediate RRC placement. Given that the Petitioner has made no showing of any attempt to fully exhaust his
(continued...)

In sum, we recommend that the Petition be denied, insofar as it would obligate the BOP to make a determination as to the Petitioner's placement in a RRC any sooner than the time period specified in Program Statement 7310.04, but be granted to the extent of requiring the BOP to refrain from an RRC placement decision predicated upon 28 C.F.R. §§570.20, and 570.21.

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petition for Writ of Habeas Corpus [Docket No. 1] be denied, insofar as it would obligate the BOP to make a determination as to the Petitioner's placement in a RRC any sooner than the time period specified in Program Statement 7310.04, but be granted to the extent of requiring the BOP to refrain from an RRC placement decision predicated upon 28 C.F.R. §§570.20, and 570.21.

Dated:  January 8, 2007                  s/Raymond L. Erickson
                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE JUDGE

---

[4](...continued)
administrative remedies, so as to present "exceptional circumstances" that would warrant an earlier RRC determination, we find that the Petitioner has not exhausted his available administrative remedies, as to his request that he be immediately considered for RRC placement.

**NOTICE**

Pursuant to Federal Rule of Civil Procedure 6[a], D. Minn. LR1.1[f], and D. Minn. LR72.1[c][2], any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 26, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.   Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of the Hearing by no later than **January 26, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

## Appendix A

As here pertinent, Title 18 U.S.C. §3621(b), provides as follows:

> Place of imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
>> (1)   the resources of the facility contemplated;
>>
>> (2)   the nature and circumstances of the offense;
>>
>> (3)   the history and characteristics of the prisoner;
>>
>> (4)   any statement by the court that imposed the sentence --
>>
>>> (A)   concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> (B)   recommending a type of penal or correctional facility as appropriate; and
>>
>> (5)   any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.